Matter of Dazaeth S.-M. (2022 NY Slip Op 02641)

Matter of Dazaeth S.-M.

2022 NY Slip Op 02641

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Docket No. D-30638/19 Appeal No. 15772 Case No. 2021-01953 

[*1]In the Matter of Dazaeth S.-M., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency

Janet E. Sabel, The Legal Aid Society, New York (John A. Newbery of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kevin Osowski of counsel), for presentment agency.

Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about May 5, 2021, which denied appellant's motion to vacate his prior adjudication as a juvenile delinquent and to seal the records of that adjudication, unanimously affirmed, without costs.
The court providently exercised its discretion in its determination that appellant failed to establish a substantial change of circumstances sufficient to warrant vacatur of his juvenile delinquency adjudication pursuant to Family Court Act § 355.1(1)(b). Although appellant complied with the terms of his conditional discharge, his compliance alone was insufficient to establish a change of circumstances, particularly because both the offense and completion of the requirements of supervision were relatively recent. Given the seriousness of the underlying sexual offense, and the need for protection of the community, the interest of justice would not be served either by vacating the adjudication or by sealing appellant's records (see Matter of Giovanni G., 152 AD3d 419[1st Dept 2017]; Matter of Rosa R., 68 AD3d 407, 407 [1st Dept 2009]). His interests are "adequately protected by the automatic confidentiality of Family Court records and the fact that juvenile delinquency adjudications do not entail civil disabilities . . . Sealing these records could potentially impede their use by law enforcement agencies for legitimate purposes in the event appellant engaged in further criminal activity" (id. at 407-408). Finally, appellant has not substantiated his claim that this adjudication might have adverse consequences for him in the future (Giovanni G., 152 AD3d at 420).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022